IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VUSAL MANAFOV,<br><br>     Petitioner,<br><br>  vs.<br><br>WILLIAM MUNIZ, Warden, Salinas Valley State Prison,<br><br>     Respondent. | No. 2:15-cv-00439-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 20] |

   This Court denied Vusal Manafov, a state prisoner represented by counsel, habeas relief and a certificate of appealability ("COA") on July 7, 2016.  Docket Nos. 15, 16.  Manafov timely filed a notice of appeal, which was processed to the Ninth Circuit Court of Appeals.  Docket Nos. 18, 21.  At Docket No. 20, Manafov concurrently filed a motion to proceed in forma pauperis ("IFP") on appeal.

   Although Manafov's appeal is currently pending before the Ninth Circuit, "[t]he decision to allow an appeal to proceed in forma pauperis remains within the jurisdiction of the trial court after the filing of an appeal."  *Zambrano v. Gipson*, No. LA CV 15-01794, 2016 WL 4040649, at *1 (C.D. Cal. July 6, 2016) (citation omitted).  A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not

just prisoner actions).  "'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'"  *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)).

In support of his application, Manafov submits a declaration stating that his family had hired an attorney to represent him before this Court, but could not afford to retain an attorney to represent him on appeal.  With respect to his own income, the declaration states that he is "indigent and cannot personally afford the cost for filing the necessary documents for an appeal in this matter."  Although his statement lacks specificity and fails to quantify his assets, assuming that he is being truthful in his application, Manafov is within the parameters necessary to grant an IFP application due to lack of assets.  Accordingly, his application to proceed on appeal without the payment of a filing fee is granted.

The Court notes, however, that to proceed with his appeal, Manafov must apply for and receive a COA from the Ninth Circuit Court of Appeals.  FED. R. APP. P. 22(b); 9th Cir. R. 22-1(d).  The Ninth Circuit may issue a COA only if Manafov makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  If Manafov fails to make such a showing, and the Ninth Circuit does not issue a COA in his case, the grant of IFP status from this Court would be inconsequential.

**IT IS THEREFORE ORDERED THAT** the Motion for Leave to Proceed on Appeal in Forma Pauperis is **GRANTED**.

Dated: August 8, 2016.

                                                /s/James K. Singleton, Jr.
                                                JAMES K. SINGLETON, JR.
                                                Senior United States District Judge